**POIALII of Pago Pago, Plaintiff**

**v.**

**TAUILO of Pago Pago, Defendant**

No. 81-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Talo" of Pago Pago]

September 14, 1948

A. A. MORROW, *Chief Justice;* PULETU, *District Judge;* and MULI, *District Judge.*

DECISION

Heard at Fagatogo September 8, 1948.
Counsel for Tauilo, Pele S.; counsel for Poialii, Atofau.

MORROW, *Chief Justice.*

This is a proceeding to determine the right to the succes-

sion of the matai name Talo of Pago Pago. Tauilo filed her application with the Registrar of Titles to be registered as the holder of such name on January 5, 1948. Poialii filed his objection to such proposed registration on February 4, 1948 and became a candidate for the name. Hence this litigation.

The requirements for succession to a matai title are prescribed by Sec. 926 of the American Samoan Code. It is apparent from the evidence that each candidate complies with the requirements of this section and is therefore eligible to succeed to a matai title.

Sec. 933 of the American Samoan Code, which is the law prescribed for this Court to follow in deciding matai name cases provides that:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Both candidates filed petitions purporting to be signed by various members of the Talo family supporting their respective candidacies. There were 28 signers on Poialii's petition and 93 on Tauilo's. Poialii frankly admitted, when questioned by the court, that he was not a member of the Talo family and that the signers on his petition were not members of that family. He stated that they were members of the Poialii family of which he is the present matai. After Poialii became aware, during the course of the trial, that it was the wish of the majority of the members of the Talo family that was to be considered by the court in decid-

ing the case he changed his testimony somewhat. However, all of the Judges believe that his first testimony on this matter was true. Poialii did not claim that any of the 93 signers on Tauilo's petition were not members of the Talo family. His objection to her petition was upon the ground that many of the signers do not reside in Pago Pago but in other villages on Tutuila. This court has many times held that a family member residing in a village other than to which the title is attached has a right to have his wishes considered in determining who shall be the matai. It will be observed that Sec. 933 prescribes that the court shall consider: "The wish of the majority or plurality of the family." The statute does not say that the court shall consider "The wish of the majority or plurality of the family residing in the village to which the matai name is attached." We shall, as we must, consider the wish of family members residing in villages other than Pago Pago. Since we believe that Poialii told the truth when he stated that the signers on his petition were not members of the Talo family and since we further believe that the 93 signers on Tauilo's petition are members of the Talo family, it follows that we must find that the wish of the majority of the family is that Tauilo shall be awarded the title. Accordingly we rule that she prevails over Poialii on the first issue.

On the issue of forcefulness, character, personality and capacity for leadership we believe that Poialii prevails over Tauilo. The two candidates have had about the same amount of formal education; however, Poialii has had experience as a merchant and as a matai for many years. Both candidates are intelligent people. Poialii is 62 years old, Tauilo 32. Although Poialii is in his declining years we think, everything considered, that he has a greater capacity for leadership at least over the next few years than does Tauilo.

On the issue of best hereditary right it is clear that Tauilo prevails over Poialii. Tauilo is the blood daughter of Talo Sialofi. She has one-half Talo blood in her veins. According to his own evidence Poialii is not a descendant of a Talo. He has no Talo blood in his veins.

Since Poialii has no members of the Talo family on his petition it is quite apparent that the family does not wish him to be its matai. The family had a meeting after the death of the last holder of the name and at that meeting decided that it wished Tauilo to be the next Talo. That the family wishes Tauilo to be the matai is also quite evident from the fact that she had 93 Talo signers on her petition. If Tauilo becomes the matai she will enter upon her duties with the family behind her. If Poialii should be given the name it is apparent that he would enter upon his duties without the backing of the family The candidate that will have the support of the family and become the best matai will be the most valuable to the Government of American Samoa. We conclude from the evidence that candidate Tauilo will be more valuable to the Government as the holder of the name Talo than will Poialii.

Since Tauilo prevails over Poialii on the first, third and fourth issues it follows that under the law the court must award the title Talo to her, and it does so. The Registrar of Titles will be advised to register Tauilo as the holder of the matai title Talo of Pago Pago.

Costs in the sum of $12.50 will be assessed against Poialii, the same to be paid within 30 days.